```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RODERICK REYES,                                             :
                                                            :
                                    Petitioner,             :        18-CV-8724 (AT) (OTW)
                                                            :
                -against-                                   :        **MEMORANDUM OPINION & ORDER**
                                                            :
SUPERINTENDENT LAMANNA,                                     :
                                                            :
                                    Respondent.             :
                                                            :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Petitioner Roderick Reyes ("Petitioner") requests an abeyance of his petition for a writ of *habeas corpus* so that he may first exhaust any unexhausted claims in state court. (ECF 15).[1] For the reasons discussed below, Petitioner's request is DENIED.

I. **Background**

Petitioner was convicted in the New York County Supreme Court of criminal possession of a weapon in the second degree, criminal sale of a controlled substance in the third degree, criminal sale of a firearm in the third degree, attempted criminal possession of a weapon in the second degree, attempted criminal sale of a firearm in the third degree, and attempted possession of a weapon in the third degree. (Petition ("Pet.") at 1). As a result, Petitioner was sentenced to 17-19 years of imprisonment with an additional 5 years of post-release supervision. (*Id*.) Petitioner filed appeals with the New York State Supreme Court, Appellate Division, and the New York Court of Appeals, both of which were unsuccessful. (*Id*. at 2).

---

[1] Although the request was in the form of a letter, the Court will construe it as a motion for a stay and abeyance.

Petitioner had raised the following grounds for appeal: (1) the trial court's denial of an adverse inference as sanctions for destruction of *Rosario* material; (2) the trial court's rejection of the *Batson* application; (3) lack of evidence that Petitioner ever touched the weapon such that he could be charged with constructive possession; (4) the trial court's denial of Petitioner's motion to suppress the undercover officer's identification of Petitioner without a *Wade* hearing; (5) an excessive sentence. (*Id*. at 2-4). After the Appellate Division rejected these arguments, the New York Court of Appeals denied Petitioner leave to appeal on June 23, 2017. (Answer (ECF 12-1) at 12). Petitioner commenced the instant petition for writ of *habeas corpus* on September 14, 2018. (ECF 1).

In the Answer, Respondent argues that Petitioner's claims contesting the constructive possession charge and the *Batson* application are both procedurally barred. (Answer at 21, 25). Respondent notes that although Petitioner contested the constructive possession jury instruction on appeal, Petitioner argued it was a state law error rather than a Constitutional error, as now asserted. (*Id*. at 21). Therefore, Respondent argues, Petitioner failed to raise any Constitutional infirmities with the jury instruction on appeal. (*Id*.) Respondent further cites the Appellate Division's decision that Petitioner did not preserve the right to appeal the trial court's *Batson* decision because only Petitioner's co-defendant, not Petitioner, raised the *Batson* objection with the trial court. (*Id*. at 26).[2] Because Petitioner exhausted his state court appeals

---

[2] Because Petitioner actually raised the *Batson* argument on appeal to both the Appellate Division and the Court of Appeals, the Court questions whether this is a failure to exhaust or merely a failure to preserve. *See Byrd v. Walker*, No. 98-CV-55 (JGK), 2000 WL 565193, at *2 (S.D.N.Y. May 9, 2000) (categorizing a failure to preserve an objection as a "procedural bar" rather than an exhaustion concern); *Lloyd v. Walker*, 771 F. Supp. 570, 574 (E.D.N.Y. 1991) (noting that an unpreserved claim barred from state court review does not result in a failure to exhaust).

already, Respondent argues that Petitioner has no avenue to return to state court to exhaust these two claims. In response to Respondent's arguments on exhaustion, Petitioner subsequently filed a letter acknowledging the potentially unexhausted claims and requesting an abeyance while he seeks to exhaust those two claims. (ECF 15). Respondent did not file any response to Petitioner's letter.

II. **Analysis**

Where a petition contains both exhausted and non-exhausted claims ("mixed petitions"), the petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Although district courts have the discretion to stay a habeas petition pending the petitioner's attempt to remedy the non-exhaustion, a stay should be granted "only in limited circumstances." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Supreme Court defined such limited circumstances as the existence of good cause for failure to exhaust, a showing that the unexhausted claims are "potentially meritorious," and "no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

"Good cause" generally requires an external cause for the delay outside Petitioner's control.[3] *See Corbin v. Perez*, No. 14-CV-3200 (ER) (MHD), 2015 WL 3972252, at *3 (S.D.N.Y. June 26, 2015) (noting a requirement for "good cause" that "some factor external to the petitioner gave rise to his failure to assert the claims in state court"). Here, Petitioner has not

---

[3] Some courts follow the more subjective "reasonable confusion" standard, which finds "good cause" when the petitioner prematurely files a federal habeas petition due to mistakenly believing that he is time-barred from seeking state relief. *See, e.g., Whitley v. Ercole*, 509 F. Supp. 2d 410, 419 (S.D.N.Y. 2007). Petitioner's request does not meet this standard either because he does not assert that this type of confusion was the reason for his alleged failure to exhaust. *See Holguin v. Lee*, No. 13-CV-1492 (LGS) (JLC), 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (finding that "lack of knowledge" of state court procedures is not enough to demonstrate reasonable confusion").

made any showing for a failure to exhaust other than not knowing of the need to exhaust. *See Castro v. Lamanna,* No. 18-CV-3315 (RA), 2019 WL 293388, at *2 (S.D.N.Y. Jan. 22, 2019) ("Petitioner's ignorance of the law, however, does not constitute 'good cause' for failure to exhaust"); *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420 (PAE) (BCM), 2017 WL 480608, at *5-6 (S.D.N.Y. Jan. 10, 2017) (finding no "good cause" where the petitioner failed to articulate why he failed to raise the unexhausted claims on appeal with the assistance of counsel); *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *6-7 (E.D.N.Y. Feb. 8, 2006) (noting that permitting a pro se litigant's ignorance of the law to justify a stay would "eviscerate" *Rhines* and AEDPA). Nor does Petitioner explain how he would remedy any exhaustion issues now that his state court appeals are completed. *Cf. Whitley*, 509 F. Supp. 2d at 420 (granting stay on account of the petitioner's pending 440.10 motion in state court). Accordingly, the request for a stay or abeyance is denied due to a failure to show good cause.[4]

Petitioner requests that in the event his stay request is denied, that his petition be dismissed without prejudice. (ECF 15 at 2). The Court notes, however, the limitation to file a habeas petition within one year from "the date on which the judgment became final." *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek a writ of certiorari to the United States Supreme Court following the denial of leave to appeal by the New York Court of Appeals, Petitioner's conviction would have become final 90 days after the Court of Appeals's decision. *See* 28 U.S.C. § 2101; *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (finding conviction becomes "final" under §2244 after time for seeking Supreme Court review expired). The New

---

[4] Because the Court denies the request to stay based on a lack of good cause, an analysis of the merits of the unexhausted claims and whether the petitioner was dilatory is unnecessary.

York Court of Appeals denied Petitioner's application on June 23, 2017, ECF 12-3 at 156, rendering his conviction final 90 days later on September 21, 2017. *See* 28 U.S.C. § 2101(c). If the Court were to now dismiss Petitioner's writ of *habeas corpus* without prejudice, as requested, Petitioner would be time-barred from renewing his petition. In cases where the district court declines to exercise its discretion to hold the matter in abeyance, the court may instead permit the petitioner to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to habeas relief." *Rhines,* 544 U.S. at 278. Assuming that Petitioner does not seek to permanently terminate his pursuit of federal relief, the Court will exercise its discretion and grant Petitioner the option under *Rhines* of proceeding with just the unexhausted claims.

III. <u>Conclusion</u>

For the foregoing reasons, Petitioner's request for a stay and abeyance is DENIED. Petitioner's request for an extension of time to file his reply, ECF 16, is granted *nunc pro tunc*. Petitioner shall file his reply brief by **December 6, 2019**.

Because Petitioner potentially has unexhausted claims, Petitioner is hereby given the option pursuant to *Rhines* of (a) abandoning any potentially unexhausted claims and proceeding only with the remaining exhausted claims or (b) proceeding with all claims at the risk of dismissal of the entire petition if the Court were to find lack of exhaustion. Petitioner shall indicate his choice in the December 6 brief. The Clerk of Court is respectfully requested to

5

mail a copy of this Order to Petitioner.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: October 23, 2019                                                   **Ona T. Wang**
New York, New York                                    United States Magistrate Judge