UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
RODERICK REYES, :
:
Petitioner, :
: 18-cv-8724 (LJL)
-v- :
: MEMORANDUM AND
SUPERINTENDENT LAMANNA, : ORDER
:
Respondent. :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On September 21, 2018, Roderick Reyes ("Petitioner") filed a petition for writ of habeas corpus. Dkt. No. 1. By Report and Recommendation dated September 14, 2023, Magistrate Judge Wang recommended that Petitioner's habeas petition be denied. Dkt. No. 31. On December 22, 2023, Petitioner objected to the Report and Recommendation. Dkt. No. 38. For the following reasons, the Court adopts Magistrate Judge Wang's recommendations that Petitioner's habeas petition be denied and that a certificate of appealability not be issued.

## BACKGROUND

The Court refers to the Report and Recommendation for a comprehensive description of the facts and procedural history of the case. Dkt. No. 31 at 2–6.

In sum, following a jury trial, Petitioner was convicted on charges of second-degree weapon possession (N.Y. Penal Law § 265.03), third-degree drug sale (N.Y. Penal Law § 220.39), third-degree firearm sale (N.Y. Penal Law § 265.11), attempted second-degree weapon possession (N.Y. Penal Law §§ 110.00, 265.03), and attempted third-degree firearm sale (N.Y. Penal Law §§ 110.00, 265.11). Dkt. No. 31 at 1. Petitioner was sentenced to an aggregate prison term of 17–19 years. *Id.*; Dkt. No. 1 ¶ 3.

Petitioner appealed to the First Department of the New York State Appellate Division, which denied Petitioner's appeal on all grounds. *See People v. Reyes*, 49 N.Y.S.3d 890 (1st Dep't 2017). The New York Court of Appeals thereafter denied leave to appeal. *See People v. Reyes*, 86 N.E.3d 262 (N.Y. 2017).

Magistrate Judge Wang recommended that the petition for writ of habeas corpus be denied in its entirety. Dkt No. 31 at 10–15. Magistrate Judge Wang also recommended that "because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability should not be issued." *Id.* at 15.

## LEGAL STANDARD

The Court reviews any portion of the report subject to an objection *de novo*. However, in the absence of any objection, the Court reviews the report and recommendation only for clear error. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Civ. P. 72(b) Advisory Committee's Notes to 1983 Addition; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007). "Clear error is present when, 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" *Janes v. Berryhill*, 498 F. Supp. 3d 540, 541 (S.D.N.Y. 2020) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)). To warrant *de novo* review rather than review for clear error, the objection must be specific. *See Petrovic v. Comm'r of Soc. Sec.*, 2016 WL 6082038, at *1 (S.D.N.Y. Oct. 14, 2016) (reviewing report and recommendation for clear error where "objections are conclusory, vague, and fail to state any specific basis for not adopting the [report and recommendation]") (collecting cases).

The Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636; *Lee v. Lending Tree*, 473 F. Supp. 2d 435, 436 (S.D.N.Y. 2007).

# DISCUSSION

Petitioner's habeas corpus petition challenged his conviction and sentence on six grounds: (1) the trial court improperly denied Petitioner's motion for a *Wade* hearing; (2) the trial court erred in refusing to issue an adverse inference charge for *Rosario* material lost due to Hurricane Sandy; (3) the trial court erred in instructing the jury regarding constructive possession; (4) the evidence of his guilt was insufficient; (5) the trial court erred when it denied his co-defendant's *Batson* challenge; and (6) Petitioner's sentence was excessive. Dkt. No. 1.[1]

Petitioner states that he objects to the Report and Recommendation "in it[]s entirety[.]" Dkt. No. 38 at 5. However, Petitioner's objections "either restate arguments he previously made, or are conclusory and vague and fail to state any specific basis for not adopting the [Report and Recommendation]." *Green v. Dep't of Educ. of City of N.Y.*, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (citation omitted), *aff'd*, 16 F.4th 1070 (2d Cir. 2021). The Court therefore reviews the Report and Recommendation for clear error. *Id.*

## I. Denial of *Wade* Hearing

Petitioner challenges the trial court's denial of his request for a *Wade* hearing as to an identification by an undercover officer. Dkt. No. 1 at 14–18. A *Wade* hearing, named after *United States v. Wade*, 388 U.S. 218 (1967), is a pretrial hearing held to determine if a witness' identification is tainted by unduly suggestive identification procedures. However, the Supreme Court has declared that the failure to hold a *Wade* hearing, even if erroneous, will ordinarily not cross the threshold of constitutional violation. *See Watkins v. Sowders*, 449 U.S. 341, 349 (1981)

---

[1] Although the petition for writ specifically enumerates five grounds for relief, the Court agrees with Magistrate Judge Wang that Petitioner in fact states six grounds. Dkt. Nos. 1, 31. Petitioner's claim regarding the sufficiency of evidence as to the December 8, 2011 attempt charges is distinct from his claim concerning the jury instruction given regarding the same. Dkt. No. 1 at 2–3.

(holding that the Constitution does not require a per se rule compelling a pretrial evidentiary hearing on the admissibility of a witness' identification of a defendant).

New York imposes a more stringent standard than the one expressed by the United States Supreme Court such that "an accused who challenges the legality of his identification is presumptively entitled to a *Wade* hearing even if on a motion to suppress the allegedly impermissibly suggestive procedures the defendant fails to assert specific facts establishing the deficiency." *Alvarez v. Fischer*, 170 F. Supp. 2d 379, 385 (S.D.N.Y. 2001) (citing *People v. Rodriguez*, 593 N.E.2d 268, 273 (N.Y. 1992)). Nonetheless, the New York Court of Appeals held in *People v. Wharton* that a confirmatory identification made by a trained undercover officer involved in a face-to-face drug transaction "was not of a kind ordinarily burdened or compromised by forbidden suggestiveness, warranting a lineup procedure or *Wade* hearing." 549 N.E.2d 462, 462 (N.Y. 1989).[2]

The Report and Recommendation notes that "Petitioner has not articulated a federal constitutional violation from the denial of a *Wade* hearing." Dkt. No. 31 at 12. Magistrate Judge Wang further recommends that the claim be denied on the merits because a *Wade* hearing was not required, given the confirmatory nature of the undercover officer's identification testimony. *Id.* The Report and Recommendation credits the Appellate Division's determination that "[o]ver the course of the series of transactions, the [undercover] officer developed a familiarity with defendant that rendered the identification confirmatory." *Id.* (quoting *Reyes*, 49 N.Y.S.3d at 890). Magistrate Judge Wang further notes that the undercover officer's identification testimony was not the sole

---

[2] The Court of Appeals has, however, disavowed any "categorical rule exempting from requested *Wade* hearings confirmatory identifications by police officers by merely labeling them as such" and noted that whether a request for a *Wade* hearing should be granted depended on "the nature and circumstances of the encounter and identification." *Id.* at 462.

4

evidence as to Petitioner's identity as another Detective identified Petitioner by reviewing records relating to the car used in connection with the crimes and by going to Petitioner's residence on one occasion. *Id.*; Dkt. No. 12-3 at ECF p. 83.[3]

Petitioner raises no specific objection to Magistrate Judge Wang's Report and Recommendation on this issue, but instead reasserts the same arguments he raised in his Petition. *Compare* Dkt. No. 38 at 7–8 *with* Dkt. No. 1 at 15–18. The Court therefore reviews the Report and Recommendation for clear error. *See Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

The Court finds no clear error as to Magistrate Judge Wang's recommendation that the petition be denied as to the *Wade* hearing issue both on the merits and because there is no cognizable federal constitutional issue. The Court would reach the same result on *de novo* review. "Because the Supreme Court has explicitly declared that there is no per se constitutional rule compelling an evidentiary hearing with regard to witness identification of an accused," and has

---

[3] The Report and Recommendation additionally states that Petitioner's claim regarding the state court's denial of a *Wade* hearing "is also procedurally barred from consideration." Dkt. No. 31 at 12. However, the Report and Recommendation does not explain the basis of any such procedural bar and Petitioner's federal challenge on the issue was in fact presented to the state court. Dkt. No. 12-3 at ECF pp. 46–56 (Petitioner argued in state court that "[d]ue process bars the use of unnecessarily suggestive identification procedures, *Stovall v. Denno*, 388 U.S. 293 (1967) . . . and prohibits the admission of evidence of a witness's pre-trial or in-court identification of a defendant where the identification is the product of, or has been tainted by, such procedures, *United States v. Wade*, 388 U.S. 218 (1967)."); *see Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) ("[A] state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution" through "reliance on pertinent federal cases employing constitutional analysis" and "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution," among methods.). The Court rejects this recommendation as clear error.

not "clearly articulated the circumstances under which a pre-trial hearing may be constitutionally necessary, the [trial court's] denial of [a request for a *Wade* hearing], in itself, could not have been contrary to nor constituted an unreasonable application of clearly established federal law." *Alvarez*, 170 F. Supp. 2d at 384; *accord Washington v. Bell*, 2024 WL 2137727, at *4–5 (S.D.N.Y. May 13, 2024), *report and recommendation adopted*, 2024 WL 2945622 (S.D.N.Y. June 10, 2024); *Blume v. Martuscello*, 2016 WL 1070847, at *12 n.13 (S.D.N.Y. Mar. 15, 2016).

Petitioner offers no additional facts or arguments to show that he "is entitled to relief on his claim that . . . the confrontation conducted in [his] case was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law," *Stovall v. Denno*, 388 U.S. 293, 301–02 (1967), *abrogated on other grounds by United States v. Johnson*, 457 U.S. 537 (1982), outside of his disbelief that the undercover officer could have reasonably identified Petitioner. Here, the undercover officer had interacted with Petitioner on multiple occasions prior to the arrest; he was "not the ordinary witness to a crime" but rather a trained and experienced professional whose "objective was the detection of criminal activity and the apprehension and conviction of the perpetrator." *People v. Morales*, 37 N.Y.2d 262, 271 (N.Y. 1975). Moreover, the undercover officer did identify Petitioner out of "a random sampling of people on a street," before again identifying Petitioner after Petitioner had been placed in custody. *Id.*; Dkt. No. 12-3 at 19. In light of these facts, Magistrate Judge Wang's finding that Petitioner did not state grounds for relief is not error.

## II.     Erroneous Jury Charges

Petitioner claims that he is entitled to a writ of habeas corpus because the trial court (A) should not have given the jury a constructive possession charge, and (B) should have given the jury an adverse inference for the loss of *Rosario* material. Dkt. No. 1 at 4–8, 14.

To obtain habeas relief for an erroneous state jury charge, Petitioner must show that the erroneous charge "'by itself so infected the entire trial that the resulting conviction violates due process.'" *Persad v. Conway*, 368 F. App'x 265, 266 (2d Cir. 2010) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

### A.     Adverse Inference Charge

Petitioner claims that he is entitled to habeas relief because, under *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961), his rights were violated by the destruction of certain police "memo books, dd5's, [the] case file and other investigative notes pertaining to said case" and by the trial court's failure to give the jury an adverse inference charge about this destruction. Dkt. No. 1 at 4–8. *Rosario* requires prosecutors in New York to make available to the defendant any written or recorded statement made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness' testimony. *See Rosario*, 173 N.E.2d at 883 ("[A] right sense of justice entitles the defense to examine a witness' prior statement, whether or not it varies from his testimony on the stand . . . [a]s long as the statement relates to the subject matter of the witness' testimony and contains nothing that must be kept confidential.").

The Appellate Division found the destruction of the items at issue "undisputedly nonnegligent" as it was "due to the flooding of a police facility during Hurricane Sandy in 2012." *Reyes*, 49 N.Y.S.3d at 890. The Appellate Division stated that it was appropriate for the trial court to deny the adverse inference charge because "[e]ven assuming that the loss of this material prejudiced the defense, '[t]he loss of evidence as the result of a natural disaster cannot be attributed to the People.'" *Id.* (quoting *People v. Thompson*, 38 N.Y.S.3d 192, 192 (1st Dep't 2016)); *see also id.* ("Moreover, it would be illogical for a jury to draw an adverse inference against a party

7

resulting from an event beyond that party's reasonable ability to control.").[4]  The Report and Recommendation noted the same.  Dkt. No. 31 at 13–14.

Petitioner does not state specific grounds for an objection, Dkt. No. 38 at 8–9, and the Court finds that Magistrate Judge Wang's decision was not clearly erroneous.  *See Lara v. Lee*, 2020 WL 3961968, at *1 (S.D.N.Y. July 13, 2020) ("Finding Petitioner's objections to be conclusory and general, the Court reviews the [Report and Recommendation] for clear error.").

Regardless, the Court would reach the same result on *de novo* review.  "[W]hether Petitioner is correct about the merits of his *Rosario* claim, . . . the application of *Rosario* by New York courts raises no federal constitutional question reviewable by this Court."  *Grant v. Berbary*, 2002 WL 33985139, at *4 (S.D.N.Y. Jan. 22, 2002).  Because "*Rosario* announces a principle of discovery under state law that is not required by the Constitution[,] . . . it is well settled that a *Rosario* claim is 'one of state law that is not subject to review under a petition for a federal writ of habeas corpus.'"  *Johnson v. State of New York*, 2002 WL 1974048, at *2 (S.D.N.Y. Aug. 26, 2002) (quoting *United States ex rel. Butler v. Schubin*, 376 F.Supp. 1241, 1247 (S.D.N.Y. 1974), *aff'd*, 508 F.2d 837 (2d Cir. 1975)); *accord Chase v. Russell*, 2024 WL 3030568, at *11 (W.D.N.Y. June 17, 2024) (finding that petitioner's *Rosario* claim was not cognizable on habeas review because "the prosecution's disclosure obligations under *Rosario* are solely a matter of state law"); *Pena v. Fischer*, 2003 WL 1990331, at *10 (S.D.N.Y. Apr. 30, 2003) ("[F]ederal courts have consistently held that *Rosario* claims are not subject to federal habeas corpus review because they arise exclusively under state law." (citation omitted) (collecting cases)).  Petitioner's request for an adverse inference charge is based wholly upon the alleged misapplication of state law which

---

[4] The United States Supreme Court has held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."  *Arizona v. Youngblood*, 488 U.S. 51, 337 (1988).

raises no federal issue and thus does not present a cognizable issue for habeas corpus relief. *See Cupp*, 414 U.S. at 146 (Where a habeas petitioner alleges erroneous omission of a jury instruction, he must establish "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment."); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

### B.   Constructive Possession Charge

Petitioner claimed that the trial court "erred when it instructed the jury on [the] constructi[ve] possession to attempted possession of a weapon charge due to inoperability." Dkt. No. 1 at 14. According to Petitioner, New York law does not permit conviction for attempted possession of an inoperable firearm on a theory of constructive possession. *Id.* Petitioner quotes no authority for this proposition and the case law reveals that New York does, in fact, permit such a conviction. *See Matter of Lavar D.*, 688 N.E.2d 486, 87 (N.Y. 1997) (affirming conviction for attempted possession of a weapon where firearm was inoperable but evidence supported the inference that defendant believed and intended the firearm to be operable); *People v. Boyd*, 61 N.Y.S.3d 431, 433 (4th Dep't 2017) (holding that "although there is no dispute that the firearm at issue was not operable, it is well settled that a defendant may be convicted of attempted criminal possession of a weapon when he or she believes that the firearm is operable," and finding the evidence "legally sufficient to establish that defendant constructively possessed the firearm").

Petitioner's argument appears to be based upon a misreading of the New York Appellate Division's holding in *In re Vincent*, 499 N.Y.S.2d 92 (1st Dep't 1986). There, the Appellate Division dismissed a charge against a juvenile defendant which would have constituted attempted criminal possession of a firearm in the fourth degree if committed by an adult. *Id.* The Appellate

9

Division noted that "inasmuch as [the defendant] was not in physical possession of the rifle when he was arrested, possession was presumed because he was an occupant in the car at the time" and held that the resulting conviction was "a contradiction in terms, inasmuch as the underlying crime was based on a statutory presumption rather than on intent, and there can be no attempt to commit a crime in the absence of an intent to do so." *Id.* at 429–30. *In re Vincent* therefore does not stand for the proposition that constructive possession of an inoperable weapon cannot constitute attempted possession of a weapon, but rather that a statutory presumption cannot replace the intent element of such an attempt charge. *See id.* at 430 (acknowledging the "fictitious nature of an attempt to commit a crime where intent has been replaced by a statutory presumption"). Here, by contrast, Petitioner was not merely presumed to have possession of the weapon, but the prosecutor adduced evidence that Petitioner had constructive possession of the weapon along with an intent to possess an operable weapon. Dkt. No. 12-3 at ECF pp. 86–88, 141–42; *Reyes*, 49 N.Y.S.3d 890–91. Such evidence included "the underlying weapons-trafficking conduct" wherein Petitioner and his co-defendant partnered on multiple occasions to offer weapons for sale in a car controlled by Petitioner. Dkt. No. 12-3 at ECF pp. 86–88, 141–42; *Reyes*, 49 N.Y.S.3d 890–91. Based on such evidence, the Appellate Division found that the trial court "properly delivered a charge on constructive possession, because such an instruction was supported by the evidence and the reasonable inferences to be drawn therefrom." *Reyes*, 49 N.Y.S.3d at 890. Magistrate Judge Wang states the same in the Report and Recommendation. Dkt. No. 31 at 13.

Petitioner does not object to Magistrate Judge Wang's findings and recommendations as to the constructive possession jury charge. The Court has reviewed them for clear error and finds none. There was no error. As stated in the materials before the Court, the constructive possession charge was not legally improper, *see Matter of Lavar D.*, 688 N.E.2d at 87; *Boyd*, 61 N.Y.S.3d at

10

433, let alone "by itself so infected the entire trial that the resulting conviction violates due process," *Cupp*, 414 U.S. at 147.

### III. Sufficiency of the Evidence

In a habeas challenge to the evidentiary sufficiency of a state criminal conviction, the federal court reviews the evidence in the light most favorable to the State and the petitioner "'is entitled to habeas corpus relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial.'" *Allen v. Capra*, 2021 WL 2206466, at *6 (S.D.N.Y. June 1, 2021) (quoting *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002)).

Petitioner challenges the legal sufficiency of the evidence underlying his conviction for attempting to possess and sell a firearm on December 8, 2011, stating that there was insufficient evidence of his intent to possess or sell an operable weapon. Dkt. No. 1 at 12 ("There was no evidence that petitioner ever touched or said anything to ensure the weapon[']s operability.").

The Report and Recommendation states that Petitioner has not shown entitlement to relief on that claim. Dkt. No. 31 at 11. Magistrate Judge Wang cites the determination by the New York Appellate Division that "the evidence, including defendant's overall conduct in a series of transactions, supports the inference that he intended that the codefendant's representations of operability, made to the undercover purchaser, would be true." *Id.* (quoting *Reyes*, 49 N.Y.S.3d at 890). Such evidence included testimony evidencing that Petitioner and his co-defendant were partners in a drug and gun-running business such that the jury could infer Petitioner intended to sell an operable gun to the undercover officer. Dkt. No. 12-3 at ECF pp. 86–88. The state court found such evidence sufficient, *Reyes*, 49 N.Y.S.3d at 890, and Petitioner does not present any argument that the state court's decision was plainly unreasonable. *See Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (noting that the Antiterrorism and Effective Death Penalty Act

of 1996, 28 U.S.C. § 2254, "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt" (citation omitted)).

Plaintiff objects on the basis that "no rational trier of fact [could] have found proof of guilt beyond a reasonable doubt." Dkt. No. 38 at 7; *see also Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (same). This is the substantively identical to Petitioner's claim regarding the sufficiency of the evidence in the petition for the writ. Dkt. No. 1 at 12–13; *see Green*, 2020 WL 5814187, at *2 (clear error standard of review applies). Petitioner argues that no rational juror could have found proof of guilt beyond a reasonable doubt in his case because the evidence came from an undercover officer who had previously "lied about a transaction on November 3rd," resulting in charges related to an alleged sale of cocaine on that day being dismissed. Dkt. No. 38 at 7.[5] However, this argument concerns solely the undercover officer's credibility, and "[u]nder the *Jackson* standard for reviewing the sufficiency of the evidence to sustain a conviction, assessment of the credibility of witnesses is generally beyond the scope of habeas review." *Guilbert v. Costello*, 1996 WL 1088283, at *2 (E.D.N.Y. Jan. 18, 1996) (citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995)); *see also Drake v. Portuondo*, 553 F.3d 230, 239 (2d Cir. 2009) ("A state court's findings of fact are 'presumed to be correct' unless rebutted 'by clear and convincing evidence.'" (quoting 28 U.S.C. § 2254(e)(1)).

Upon review of Petitioner's claims, his objections, and the report and recommendation, the Court finds no error, much less clear error, in Magistrate Judge Wang's determination that

---

[5] The People's opposition to the petition for writ of habeas corpus states that the trial court dismissed charges related to a November 3, 2011 cocaine sale because the indictment and grand jury testimony indicated that the sale in fact took place on November 13, 2011. Dkt. No. 12-1 at 9 n.7.

Petitioner has not shown entitlement to habeas relief on the ground of legal insufficiency of the evidence.[6]

## IV.     Denial of *Batson* Challenge

Petitioner claims that the trial court improperly denied defense counsel's *Batson* challenge. At trial, Petitioner's co-defendant challenged the prosecutor's use of a peremptory strike against "the only African American female in this [group of] twelve." Dkt. No. 12-1 at 27; Dkt. No. 1 at 8. The trial court rejected the challenge and ruled that counsel Petitioner's co-defendant failed to establish a prima facie case of discrimination. Dkt. No. 12-1 at 27; Dkt. No. 1 at 10. The co-defendant's counsel then argued that the majority of the prosecutor's challenges had been made against "African Americans or Hispanics," but the court ruled that counsel still failed to make a valid *Batson* challenge related to an identifiable class. Dkt. No. 12-1 at 28; Dkt. No. 1 at 10.

The Appellate Division found that Petitioner's *Batson* claim was "unpreserved, as it was raised only by the codefendant, and the record does not establish that there was a joint *Batson* application." *Reyes*, 49 N.Y.S.3d at 891. The Appellate Division therefore "decline[d] to review this claim in the interest of justice," and, "[a]s an alternative holding," found that "the record fails to support the codefendant's application in any event." *Id.*

The Report and Recommendation correctly stated that Petitioner's failure to join in his co-defendant's challenge "is reason enough to deny Petitioner's claim as unpreserved." Dkt. No. 31 at 14; *see also Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 n.4 (2d Cir. 2000) ("[W]here a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event'

---

[6] The Court additionally adopts Magistrate Judge Wang's recommendation that, to the extent Petitioner raises a claim based on the weight of the evidence, such a claim is not cognizable on federal habeas review. Dkt. No. 31 at 11 (collecting cases); *see also McKinnon v. Superintendent, Great Meadow Corr. Faci.*, 422 F. App'x 69, 75 (2d Cir. 2011) (summary order) ("The argument that a verdict is against the weight of the evidence . . . is not cognizable on habeas corpus.").

on the merits, such a claim is not preserved" for habeas review. (citing *Glenn v. Bartlett*, 98 F.3d 721, 724–25 (2d Cir. 1996); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990)).

Petitioner does not object to Magistrate Judge Wang's findings and recommendations at to denial of his *Batson* challenge and instead notes that he dropped that issue in his reply brief. Dkt. No. 38 at 6; Dkt. No. 28. The Court finds no error in Magistrate Judge Wang's findings and recommendations on this issue.

## V.     Excessive Sentence

Petitioner claims that the sentence of 17–19 years is excessive as it "likely" constitutes "a death sentence[] [i]n light of his deteriorated health." Dkt. No. 1 at 3, 18.

Reading the claim broadly, Magistrate Judge Wang construed Petitioner's claim as raising an Eighth Amendment challenge. Dkt. No. 31 at 15. However, as she correctly noted, "'[t]he term of a sentence does not violate the Eighth Amendment if the sentence falls within the statutory range.'" *Id.* (quoting *Diaz v. Bell*, 2022 WL 1260176, at *21 (S.D.N.Y. Apr. 28, 2022), *report and recommendation adopted*, 2022 WL 2003461 (S.D.N.Y. June 6, 2022)); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Therefore, as the Report and Recommendations states, because Petitioner does not allege that the sentence imposed upon him exceeds the statutory maximum permitted by law, the sentence does not violate the Eighth Amendment. Dkt. No. 31 at 15. Petitioner's poor health does not constitute grounds for habeas relief. *See Chen v. Decker*, 148 F. Supp. 3d 325, 327 (S.D.N.Y. 2015); *Davis v. Bara*, 542 F. Supp. 743, 748 (E.D.N.Y. 1982).

Petitioner does not object to Magistrate Judge Wang's findings and recommendations as to his claim of excessive sentence and instead states that he dropped the issue in his reply brief.

Dkt. No. 38 at 6; Dkt. No. 28. The Court finds no clear error in Magistrate Judge Wang's findings and recommendations on this issue.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Wang's recommendations in full.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 23, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge